IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROBERT CARSWELL,

        Plaintiff

VS.

SHEREE ROBERTS, *et al.*,       :       CIVIL ACTION NO. 5:04-cv-414(DF)

        Defendants       :       **ORDER**

Plaintiff **ROBERT CARSWELL**, an inmate at United State Penitentiary in Beaumont, Texas, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* (Tab # 2). Plaintiff has also submitted three miscellaneous motions (Tab #s 5, 7-8).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior-prison generated lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes). 28 U.S.C. §1915(g); Fed.R.Civ.P. 12(b)(6); *see Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strike rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious injury."

The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law,

or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the constitutionality of section 1915(g). *Rivera*, 144 F.3d at 721-27.

It has come to the Court's attention that plaintiff has brought no less than sixty-five civil rights or habeas corpus claims with federal courts while incarcerated. Of those cases, at least twelve were dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted.[1]

Clearly, plaintiff has vastly exceeded the "strikes" allowed by the PLRA to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. As such, plaintiff cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). This Court finds that no indication that plaintiff is "under imminent danger of serious physical injury."

Because plaintiff has more than three prior dismissals and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. Plaintiff's miscellaneous motions are **DENIED** as moot. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $250.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated

---

[1] Plaintiff's strikes include: *Carswell v. Jones*, 1:95-cv-2627-WBH (N.D. Ga. Dec. 12, 1995); *Carswell v. Moxley*, 1:96-cv-1473-WBH (N.D. Ga. Aug. 27, 1996); *Carswell v. Garner*, 1:96-cv-1827-WBH (N.D. Ga. Sept. 12, 1996); *Carswell v. Jones*, 1:96-cv-1826-WBH (N.D. Ga. Sept. 16, 1996); *Carswell v. Miller*, 1:96-cv-2304-WBH (N.D. Ga. Dec. 16, 1996); *Carswell v. Purcell*, 1:96-cv-3280-WBH (N.D. Ga. Apr. 21, 1997); *Carswell v. Francisco*, 5:97-cv-608(HL) (M.D. Ga. Sept. 10, 1997); *Carswell v. Morgan*, 1:97-cv-960-WBH (N.D. Ga. Oct. 1, 1997); *Carswell v. Ursitti*, 5:97-cv-660(WDO) (M.D. Ga. Oct. 7, 1997); *Carswell v. Mercado*, 3:98-cv-54(DHB) (S.D. Ga. Jan. 11, 1999); *Carswell v. Moxley*, 6:99-cv-120(JEG) (July 29, 1999); and *Carswell v. Owens*, 5:02-cv-155-2(CAR) (M.D. Ga. July 17, 2002).

in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this __6__ day of __May__, 2005.

_____
DUROSS FITZPATRICK
UNITED STATES DISTRICT JUDGE

DF/cr